UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-22293

ARTURO LABRADA,

    Plaintiff,

vs.

HANDY WASH, INC. d/b/a
INDEPENDENT DRIVERS ASSOCIATION,
ZUNI TRANSPORTATION, INC., and
JORGE AZOR,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Arturo Labrada, sues Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, as follows;

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Arturo Labrada**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Mr. Labrada consents to participate in this lawsuit. [DE 1-1.]

2.    **Defendant, Handy Wash, Inc. ("Handy Wash")**, is a Florida for-profit corporation that conducts its paratransit business in South Florida, and it is *sui juris*. It also does business as the Independent Drivers Association. Handy Wash maintains its principal place of business here, in Miami-Dade County, Florida.

1

3. **Defendant, Zuni Transportation, Inc. ("Zuni")**, is a Florida for-profit corporation that conducts its paratransit business in South Florida, and it is *sui juris*. Zuni maintains its principal place of business here, in Miami-Dade County, Florida.

4. **Defendant, Jorge Azor**, was and is the owner and operator of Handy Wash and of Zuni for the relevant time period. He ran the day-to-day operations of Handy Wash and Zuni and was responsible for paying wages to Plaintiff and to the other drivers.

5. Defendants, Handy Wash, Zuni, and Jorge Azor, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed the Plaintiff.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants, Handy Wash, Zuni, and Jorge Azor, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

7. Defendants have been at all times material engaged in interstate commerce in the course of their transporting patients to and locations within South Florida for medical and healthcare-related appointments. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

8. Defendants own and operate a transportation service that operates throughout South Florida and utilize cars, vans, computers, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

2

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

9. In particular, Zuni advertises on the internet as follows:

Zuni is a provider of Non-Emergency Ambulatory and Non-Ambulatory Transportation services commonly known as Paratransit. Paratransit firms provide governmental entities and medical providers an efficient way to transport their clients and patients.

http://www.zunitrans.com/services.html.

10. Plaintiff, Arturo Labrada, worked for Defendants, Handy Wash, Zuni and Jorge Azor, from October 10, 2005 to March 31, 2013 transporting patients to and from their medical appointments for Defendants, Handy Wash, Zuni, and Jorge Azor. To the extent that records exist regarding the exact dates of this Plaintiff's employment exist, such records are in the exclusive custody of Defendants, Handy Wash, Zuni, and Jorge Azor.

11. Plaintiff's work for Defendants, Handy Wash, Zuni, and Jorge Azor, was actually in or so closely related to the movement of commerce while he worked for them that the Fair Labor Standards Act applies to Plaintiff's work.

12. Defendants, Handy Wash, Zuni, and Jorge Azor, required of Mr. Garcia:

   i. to wear uniforms/shirts bearing the logo of Zuni;

   ii. to utilize a vehicle owned by, leased by, and/or approved by Zuni to transport patients;

   iii. to pick up patients/clients assigned to him by Zuni, at the time designated by Zuni, and at the location designated by Zuni;

   iv. to drop off patients/clients assigned to him by Zuni and at the location designated by Zuni;

   v. to clean the car/van owned or leased by Zuni;

   vi. to adhere to the daily schedule which was provided to him, by Zuni the night before each workday;

3

      vii.    to make sure that the car/van owned by, leased by, and/or approved by Zuni and driven by Plaintiff would pass inspections performed by the companies that hired Zuni; and

      viii.    to follow other written and unwritten policies and procedures mandated by Defendants.

13. Defendants, Handy Wash, Zuni, and Jorge Azor, contributed and/or paid for insurance for health insurance, supplemental health insurance, and motor vehicle liability insurance for Mr. Garcia.

14. Defendants, Handy Wash, Zuni, and Jorge Azor, paid Mr. Garcia a per-passenger rate only without any additional compensation for any overtime hours worked at all.

15. Because they considered Mr. Garcia as an independent contractor, Defendants, Handy Wash, Zuni, and Jorge Azor, entirely failed to account for all of the time he actually worked or was subject to work for them by not utilizing any time-tracking method approved by the FLSA or otherwise.

16. Even though Mr. Labrada, could not work for anyone else because he worked an average of approximately 15 to 30 overtime hours per week (55 to 70 hours per week). Defendants, however, failed and refused to pay Mr. Labrada overtime wages calculated at time and one-half of his regular hourly rates for all hours worked over 40 hours in a given workweek.

### *Joint Employment*

17. Zuni contracted for Handy Wash to provide it's drivers such as Plaintiff, and then Zuni would manage the day-to-day functions of Mr. Garcia.

18. Plaintiff knew of no practical distinction between Zuni and Handy Wash. Zuni relied on Handy Wash to provide approximately half of its drivers and in order to perform its

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

services during the time period relevant to this lawsuit.

19. Zuni established the rate of pay for Plaintiff and provided him the insurances requested above.

20. Zuni would then transfer money to Handy Wash, so that Handy Wash would then ultimately issue the paychecks to Plaintiff.

21. Jorge Azor was an officer/director of both Zuni and Handy Wash, made all pertinent decisions regarding the operations of both companies, and operated out of the same location using the same equipment.

22. Consequently, Zuni and Handy Wash were Plaintiff's joint employers.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – OVERTIME VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of one and one-half times the regular rate of pay for each of the overtime hours worked during the relevant time period.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours they worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that they were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned by making payments to Plaintiff as an independent contractor, and then failed to timely correct their violation after

5

having known and been put on notice of same.

27. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Arturo Labrada, demands the entry of a judgment in his favor and against Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages and an equal amount of liquidated damages for the three years prior as provided under the law and in 29 U.S.C. §216(b);

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and; and

e. Such other and further relief as the Court deems just and proper.

### COUNT II – VIOLATION OF 26 U.S.C. §7434

Plaintiff reincorporates and re-alleges paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

28. Defendants had an obligation to properly file correct information returns to the IRS.

29. Defendants filed or caused to be filed one or more knowingly false 1099's concerning Plaintiff in an effort to avoid responsibility paying income tax and social security withholdings to the IRS during each year of Plaintiff's employment with Defendants.

30. Defendants also filed or caused to be filed one or more knowingly false IRS Form

6

941 quarterly tax returns during each year of Plaintiff's employment with Defendants.

31. Defendants provided Plaintiff's paychecks and are directly responsible for the issuance of paychecks to Plaintiff, the payment of taxes to the IRS, and the filing of information returns on their own behalf.

32. 26 U.S.C. §7434 provides, in pertinent part, as follows: "In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees."

WHEREFORE Plaintiff, Arturo Labrada, demands the entry of a judgment in his favor and against Defendants, Handy Wash, Inc. d/b/a Independent Drivers Association, Zuni Transportation, Inc., and Jorge Azor, after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for fraudulent information return Defendants each year during the past six (6) years or the damages proximately caused by Defendants' conduct for each year during the past six (6) years; and

    b.    That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434; and

    c.    Such other and further relief as the Court deems just and proper.

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of June, 2015.

>Respectfully Submitted,
>
>FAIRLAW FIRM
>*Counsel for Plaintiff*
>8603 S. Dixie Highway
>Suite 408
>Miami, FL 33143
>Tel:   305.230.4884
>Fax:   305.230.4844
>
>*s/Brian H. Pollock, Esq.*
>Brian H. Pollock, Esq.
>Fla. Bar No. 174742
>brian@fairlawattorney.com

8

8603 S. Dixie Highway, Suite 408, Miami, Florida 33143
TEL 305.230.4884   FAX 305.230.4844
*brian@fairlawattorney.com www.fairlawattorney.com*